Tammy Hussin (Bar No. 155290)
Hussin Law
6404 Merlin Drive
Carlsbad, CA 92011
Tel: 877.677.5397
Fax: 877.667.1547
Tammy@HussinLaw.com

Attorney for Plaintiff, Janice Getty

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CENTRAL DIVISION

| | |
|---|---|
| Janice Getty,<br><br>        Plaintiff,<br><br>vs.<br><br>Kohl's Department Stores, Inc., a California foreign corporation; and DOES 1-10, inclusive,<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>**1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET. SEQ.*;**<br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, *ET. SEQ.*.**<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, Plaintiff, Janice Getty, by undersigned counsel, states the following allegations based on her recollection of the facts and upon her personal information and belief, and upon the information of Plaintiff's counsel after conducting research and investigations:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA"), and violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et. seq.* ("Rosenthal FDCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Kohl's is registered as a California foreign corporation, Kohl's regularly transacts business in this judicial district, a contract between Kohl's and Plaintiff was entered into in this judicial district, and a substantial portion of the acts giving rise to this action occurred in this judicial district.

## THE PARTIES

4. The Plaintiff, Janice Getty, (hereinafter "Plaintiff"), is an adult individual who resided in Los Angeles County, and is a "person" as defined by 47 U.S.C. § 153(10).

5. Defendant, Kohl's Department Stores, Inc., (hereinafter "Kohl's") is a Delaware corporation, and regularly conducts business within this judicial district. Kohl's, in the regular course of business, engages in debt collection within this judicial district and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c), and is a "person" as defined by 47 U.S.C. § 153(10).

6. Does 1-10 (the "Agents") are individual employees/agents employed by Kohl's, and whose identities are currently unknown to the Plaintiffs. Plaintiff will amend her complaint to properly name the Doe defendants once those identities have been made known to her.

7. Kohl's at all times acted by and through one or more of their Agents.

## THE FACTS

8. Plaintiff entered into a credit agreement while residing in this judicial district with Kohl's for the use of a Kohl's credit card. Plaintiff allegedly incurred a financial obligation to Kohl's (the "Debt").

9. Plaintiff's daughter, Karolyn Getty, also entered into a credit agreement with Kohl's and allegedly incurred a financial obligation to Kohl's. Plaintiff is no way responsible for her daughter's obligation.

10. Plaintiff's Debt and her daughter's debt arose from services and goods provided by Defendants which were primarily for family, personal or household purposes and which meets the definition of a "debt" under Cal. Civ. Code § 1788.2(c).

11. Kohl's attempted to collect the Debt, as such, engaged in "communications" as defined in Cal. Civ. Code § 1788.2(c).

12. During all times herein mentioned, Kohl's called Plaintiff on her cellular telephones by using an automated or prerecorded voice ("Automated Calls").

13. Kohl's first made Automated Calls to Plaintiff in an attempt to reach Plaintiff's daughter, Karolyn Getty.

14. Plaintiff never provided her consent to be called for her daughter's debt and did not welcome the Automated Calls from Kohl's.

15. Plaintiff spoke to Kohl's on a number of occasions in an effort to stop the calls for her daughter's debt. Plaintiff advised Kohl's that her daughter could not be reached at her number and made a number of requests that Kohl's to stop calling.

16. Despite the multiple requests, Kohl's ignored Plaintiff's requests and continued to place Automated Calls to her.

17. At some point, in or around the summer of 2014, Kohl's finally stopped calling Plaintiff in an attempt to reach Plaintiff's daughter.

18. In or around November of 2014, Plaintiff began experiencing her own financial hardship as result of the loss of employment.

19. Plaintiff became unable to pay the Debt she owed to Kohl's, and Kohl's began to make Automated Calls to Plaintiff in an attempt to collect the Debt.

20. On or about December 8, 2014, Plaintiff answered an Automated Call from Kohl's. Kohl's used an automated voice prior to transferring Plaintiff to a representative by the name of Stephen. Plaintiff discussed her intention to make good on her obligation and discussed payment arrangements with Stephen. Stephen promised Plaintiff if she made a payment of $25.00, Kohl's would agree to waive the late charges that had accrued on her account.

21. Stephen indicated he would call Plaintiff back the following Monday, but never did. Plaintiff therefore called Kohl's to make the $25.00 payment. Plaintiff told the representative she wanted to make the $25.00 payment, and asked the representative to confirm the arrangement she had made with Stephen. The representative said Stephen had not made notes in the file, and told Plaintiff the late fees would not be waived even if she paid the $25.00. Plaintiff was frustrated by Stephen's misrepresentation and did not make a payment during the call.

22. Thereafter, Kohl's continued to place Automated Calls to Plaintiff.

23. On or around December 22, 2014, Plaintiff answered an Automated Call from Kohl's. Plaintiff asked if Kohl's would honor Stephen's promise and waive the late charges if she made a payment. The representative insisted Plaintiff owed the late fees and became loud and aggressive when speaking with Plaintiff. Plaintiff became frustrated and told the representative she did not want to receive any more calls from Kohl's. Plaintiff then terminated the call.

24. Kohl's ignored Plaintiff's do-not-call directive, and continued to place Automated Calls at an annoying and harassing rate.

25. Plaintiff answered a number of Automated Calls from Kohl's in an effort to get them to stop. Specifically, Plaintiff answered calls from Kohl's on or about January 14, 2015, January 15, 2015, January 20, 2015 January 21, 2015, January 27, 2015. Each time, Plaintiff waited for a representative to come on the line, and instructed the representative to stop calling.

26. Despite Plaintiff's repeated attempts to stop the calls, Kohl's continued to place Automated Calls to Plaintiff.

27. The Automated Calls from Kohl's intruded on Plaintiff's right to be free from unwanted invasions, and the misrepresentations and mistreatment from the collectors caused great frustration and aggravation for Plaintiff.

28. Ultimately, Plaintiff was forced to retain counsel in order to get Kohl's to stop calling. It was not until counsel for Plaintiff contacted Kohl's that the calls finally stopped.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et. seq.*

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein. At all times referenced herein, Kohl's placed calls to Plaintiffs' cellular telephones by using an automated telephone dialer system ("ATDS") and/or by using an artificial or prerecorded voice.

30. When Plaintiff answered the Automated Calls, Kohl's usually used a prerecorded or artificial voice prior to transferring Plaintiff's call to a representative.

31. When Kohl's did not use an automated voice, Plaintiff waited in several seconds of silence before Kohl's telephone system transferred her call to a live representative. During some calls, Plaintiff waited in silence for several seconds and Kohl's telephone system disconnected the call without transferring Plaintiff to a representative.

32. Kohl's never had consent to make Automated Calls to Plaintiff in regards to her daughter's debt, and all the calls pertaining to her daughter's debt were therefore in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

33. The calls to Plaintiff regarding the Debt were also in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), as Kohl's continued to call Plaintiff despite multiple requests that the calls stop.

34. The telephone number called by Kohl's was assigned to cellular telephone service for which Plaintiff incurs charges for incoming calls, pursuant to 47 U.S.C. § 227(b)(1).

35. Kohl's telephone dialing system has the capacity to store randomly or sequentially generated telephone numbers and randomly or sequentially dials telephone numbers.

36. The calls from Kohl's to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

37. As a result of each violation of the TCPA, Plaintiff is entitled to statutory damages. Kohl's is intimately familiar with prohibitions of the TCPA, and is frequently called to defend itself against TCPA litigation, including TCPA class actions. Despite knowing the TCPA, Kohl's repeatedly ignored Plaintiff's verbal demands to stop calling. As such, Kohl's knowingly and willfully violated the TCPA, and each call should be subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C). *See, e.g., J2 Global Communications v Blue Jay, Inc.*, 2009 WL 4572726 (N.D.Cal.).

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 *et. seq.*

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The Rosenthal FDCPA prohibits unfair and deceptive acts and practices in the collection of consumer debts.

40. In continually calling Plaintiff in an attempt to reach her daughter, Kohl's caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy her, in violation of Cal. Civ. Code §1788.11(d).

41. In continually calling Plaintiff to collect Plaintiff's Debt despite her many requests to stop calling, Kohl's caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy her, in violation of Cal. Civ. Code §1788.11(d).

42. Kohl's communicated with the Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code §1788.11(d).

43. Kohl's violated the provisions of Title 15, Section 1692 of the United States Code, thereby violating the Rosenthal Act. In particular:

   a. By continuing to call Plaintiff after knowing her daughter could not be reached at Plaintiff's number, Kohl's violated 15 USC §1692c(b);
   b. By continuing to call Plaintiff in regards to the Debt and in an attempt to reach Plaintiff's daughter, Kohl's violated 15 USC §1692d; and
   c. By representing to Plaintiff her late fees would be waived, and then refusing to honor the representative's promise, Kohl's engaged in deceptive practices and used unfair tactics in its attempt to collect the Debt in violation 15 USC §1692e and §1692f.

44. Plaintiff is entitled to damages as a result of Kohl's repeated violations of the Rosenthal Act.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against the Defendants:

A. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages pursuant to 47 U.S.C. §227(b)(3)(B);

B. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C);

C. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

D. Costs of litigation and reasonable attorney's fees pursuant to pursuant to Cal. Civ. Code § 1788(b); and

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: July 24, 2015   TAMMY HUSSIN


By: /s/ Tammy Hussin
Tammy Hussin, Esq.
Hussin Law
Attorney for Plaintiff, Janice Getty